IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK GRAHAM JOHNSON, aka ERICK BROWN JOHNSON,<br><br>    Petitioner,<br><br>  v.<br><br>GEORGE GALAZA, Warden,<br><br>    Respondent.<br>_____ | No. C 05-4612 MMC (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In 2001, a jury in Santa Clara County Superior Court found petitioner guilty of two counts of second degree robbery and one count of receiving stolen property. Petitioner was sentenced to a term of 37 years to life in state prison. The California Court of Appeal affirmed, and the Supreme Court of California denied the petition for review. Petitioner next filed petitions for a writ of habeas corpus at all three levels of the California courts, which petitions were denied.

**DISCUSSION**

A.   Standard of Review

A district court may entertain a petition for a writ of habeas corpus "in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.      Legal Claims

Petitioner claims that: (1) the trial court violated petitioner's right to due process by denying his motion for discovery of any past complaints against the investigating officers regarding fabrication of evidence; (2) the trial court violated petitioner's right to due process by improperly instructing the jury pursuant to CALJIC 2.15; (3) the prosecutor knowingly elicited false testimony from a witness, preventing petitioner from receiving the fair trial guaranteed by due process; (4) the prosecutor withheld exculpatory evidence from petitioner, resulting in the violation of petitioner's due process right to a fair trial; (5) trial counsel was ineffective in failing to object to false testimony; (6) trial counsel was ineffective in failing to assure the presence of counsel and petitioner during the readback of testimony during jury deliberations; and (7) the trial court violated petitioner's right to due process by improperly allowing the readback of testimony in the absence of petitioner and his counsel.  Liberally construed, petitioner's claims are cognizable.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1.      The Clerk of the Court shall serve by certified mail a copy of this order and the amended petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: December 22, 2005

MAXINE M. CHESNEY
United States District Judge